## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MEYERS DIVISION

PAUL MEYER,

   Plaintiff,                                CASE NO.:

-VS-

FAY SERVICING, LLC,
And McCALLA, RAYMER, LEIBERT,
PIERCE, LLC,

   Defendants.

_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, PAUL MEYER ("Mr. Meyer" or "Plaintiff") alleges violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA") and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA"), against Defendants, FAY SERVICING, LLC, and McCALLA, RAYMER, LEIBERT, PIERCE, LLC (collectively "Defendants").

## INTRODUCTION

1.     The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted.  15 U.S.C. §1692(e).

2.     The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

## JURISDICTION AND VENUE

3.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. §1367 for pendent state law claims.

4.     The alleged violations described herein occurred in Lee County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

5.     Plaintiff is a natural person, and citizen and resident of Lee County, Florida.

6.     Defendant, Fay Servicing, LLC ("Fay Servicing") is a debt collection company providing its services throughout the State of Florida, including Lee County, Florida.

7.      Defendant, McCalla, Raymer, Leibert, Pierce, LLC ("MRLP") is a law firm providing debt collection services throughout the State of Florida, including Lee County, Florida.

8.      All references to any of the Defendants named herein shall also include any of Defendants' predecessors.

9.      Fay Servicing services and/or acquired a debt for which Plaintiff was the debtor, namely the loan on Plaintiff's homestead property (the "Alleged Debt").

10.     On or about November 6, 2018, Defendants sent Plaintiff a pay-off demand (the "Pay-Off Demand").  A true and correct copy of the Pay-Off Demand is attached hereto as Exhibit "A" and its contents are incorporated by reference herein.

11.     The Pay-Off Demand demands the payment of a total lump sum amount with no detailed breakdown or itemization of any particular charges in violation of Florida and federal law.

12.     The Pay-Off Demand demands payment for "corporate advances" with no itemization or description of what said charges may be for.

13.     The Pay-Off Demand is misleading because it gives a false impression of the character of the Alleged Debt.

14.     The Pay-Off Demand hides the true character of the Alleged Debt and impairs Plaintiff's ability to knowledgeably assess the validity of the Alleged Debt.

15.     The Pay-Off Demand is misleading on its face.

16.     All conditions precedents to this action have been fulfilled, waived or performed.

## COUNT I
### (Mr. Meyer vs. Fay Servicing)
### (Violation of the FDCPA)

17.     Mr. Meyer incorporates Paragraphs one (1) through sixteen (16) above as if fully set forth herein.

18.     This is an action against Fay Servicing for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

19.     At all times material hereto: (a) Mr. Meyer is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) Fay Servicing is a 'debt collector' within the meaning of the FDCPA.

20.     Fay Servicing engaged in consumer debt collection activities against Mr. Meyer in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

21.    The Debt Collection Conduct includes Fay Servicing's demand for payment pursuant to the Pay-Off Demand which is misleading because it gives a false impression of the character of the Alleged Debt.

22.    The Debt Collection Conduct includes Fay Servicing's demand for payment pursuant to the Pay-Off Demand in the form of a total lump sum amount without proper breakdown or itemization of particular charges in violation of Florida and federal law.

23.    The Debt Collection Conduct includes Fay Servicing's demand for payment pursuant to the Pay-Off Demand in the form of "corporate advances" with no itemization or description of what said charges may be for.

24.    The Debt Collection Conduct includes Fay Servicing's demand for payment pursuant to the Pay-Off Demand which hides the true character of the Alleged Debt and impairs Mr. Meyer's ability to knowledgeably assess the validity of the Alleged Debt.

25.    Fay Servicing's Debt Collection Activity as described herein is a violation of the following provisions: 15 U.S.C. §1692(e) and 15 U.S.C. §1692(e)(2), which provide:

> ***§1692(e)*** *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*

*(10) The use of any false representation or deceptive means to collect or attempt to collect any* <u>*debt*</u> *or to obtain information concerning a* <u>*consumer*</u>*.*

26.     Fay Servicing's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) which provides in pertinent part that *"[a]debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.*

27.     As a result of the Debt Collection Conduct and Fay Servicing's violation of the FDCPA as described herein, Mr. Meyer has been injured.

28.     Mr. Meyer is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Meyer, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

<u>**COUNT II**</u>
**(Mr. Meyer vs. Fay Servicing)**
**(Violation of the FCCPA)**

29.     Mr. Meyer incorporates Paragraphs one (1) through sixteen (16) above as if fully set forth herein.

30.     This is an action against Fay Servicing for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

31.     At all times material hereto: (a) Mr. Meyer is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Fay Servicing is a 'person' within the meaning of the FCCPA.

32.     The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mr. Meyer for personal, family or household purposes, namely his homestead.

33.     Fay Servicing is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

34.     Fay Servicing engaged in consumer debt collection activities against Mr. Meyer in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

35.     The Debt Collection Conduct includes Fay Servicing's demand for payment pursuant to the Pay-Off Demand which is misleading because it gives a false impression of the character of the Alleged Debt.

36.     The Debt Collection Conduct includes Fay Servicing's demand for payment pursuant to the Pay-Off Demand in the form of a total lump sum amount without proper breakdown or itemization of particular charges in violation of Florida and federal law.

37.     The Debt Collection Conduct includes Fay Servicing's demand for payment pursuant to the Pay-Off Demand in the form of "corporate advances" with no itemization or description of what said charges may be for.

38.     The Debt Collection Conduct includes Fay Servicing's demand for payment pursuant to the Pay-Off Demand which hides the true character of the Alleged Debt and impairs Mr. Meyer's ability to knowledgeably assess the validity of the Alleged Debt.

39.     Fay Servicing knowingly sent the Pay-Off Demand in an attempt to collect monies from Mr. Meyer that was clearly misleading on its face.

40.     The Pay-Off Demand constitutes "communication" as defined by Florida Statutes, §559.55(5).

41.     Fay Servicing's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."*

42.     Fay Servicing's business practices and actions were either intentional or grossly negligent.

43.     As a result of the Debt Collection Conduct and Fay Servicing's violation of the FCCPA, Mr. Meyer has been damaged, and Fay Servicing is liable to Mr. Meyer for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

44.     Mr. Meyer is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

45.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, Mr. Meyer, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

**COUNT III**
**(Mr. Meyer vs. MLRP)**
**(Violation of the FDCPA)**

46.     Mr. Meyer incorporates Paragraphs one (1) through sixteen (16) above as if fully set forth herein.

47.     This is an action against MLRP for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

48.     At all times material hereto: (a) Mr. Meyer is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Debt is a 'debt' within the meaning of the FDCPA; and (c) MLRP is a 'debt collector' within the meaning of the FDCPA.

49.     MLRP engaged in consumer debt collection activities against Mr. Meyer in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

50.     The Debt Collection Conduct includes MLRP's demand for payment pursuant to the Pay-Off Demand which is misleading because it gives a false impression of the character of the Alleged Debt.

51.     The Debt Collection Conduct includes MLRP's demand for payment pursuant to the Pay-Off Demand in the form of a total lump sum amount without proper breakdown or itemization of particular charges in violation of Florida and federal law.

52.     The Debt Collection Conduct includes MLRP's demand for payment pursuant to the Pay-Off Demand in the form of "corporate advances" with no itemization or description of what said charges may be for.

53.     The Debt Collection Conduct includes MLRP's demand for payment pursuant to the Pay-Off Demand which hides the true character of the Alleged Debt and impairs Mr. Meyer's ability to knowledgeably assess the validity of the Alleged Debt.

54.     MLRP's Debt Collection Conduct as described herein is a violation of the following provisions: 15 U.S.C. §1692(e) and 15 U.S.C. §1692(e)(2), which provide:

> *§1692(e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(2) The false representation of—*

*(A) the character, amount, or legal status of any debt……*

*(10) The use of any false representation or deceptive means to collect or attempt to collect any <u>debt</u> or to obtain information concerning a <u>consumer</u>.*

55.     MLRP's Debt Collection Conduct as described in this Count is a violation of 15 U.S.C. §1692(f) which provides in pertinent part that *"[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.*

56.     As a result of the Debt Collection Activity and MLRP's violation of the FDCPA as described herein, Mr. Meyer has been injured.

57.     Mr. Meyer is (a) is entitled to collect his attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff, Mr. Meyer, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees; (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief in law or equity that the Court deems just an appropriate under the circumstances.

## COUNT IV
### (Mr. Meyer vs. MLRP)
### (Violation of the FCCPA)

58.     Mr. Meyer incorporates Paragraphs one (1) through sixteen (16) above as if fully set forth herein.

59.     This is an action against MLRP for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

60.     At all times material hereto: (a) Mr. Meyer is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) MLRP is a 'person' within the meaning of the FCCPA.

61.     The Alleged Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Mr. Meyer for personal, family or household purposes, namely his homestead.

62.     MLRP is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

63.     MLRP engaged in consumer debt collection activities against Mr. Meyer in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

64.     The Debt Collection Conduct includes MLRP's demand for payment pursuant to the Pay-Off Demand which is misleading because it gives a false impression of the character of the Alleged Debt.

65.     The Debt Collection Conduct includes MLRP's demand for payment pursuant to the Pay-Off Demand in the form of a total lump sum amount without proper breakdown or itemization of particular charges in violation of Florida and federal law.

66.     The Debt Collection Conduct includes MLRP's demand for payment pursuant to the Pay-Off Demand in the form of "corporate advances" with no itemization or description of what said charges may be for.

67.     The Debt Collection Conduct includes MLRP's demand for payment pursuant to the Pay-Off Demand which hides the true character of the Alleged Debt and impairs Mr. Meyer's ability to knowledgeably assess the validity of the Alleged Debt.

68.     MLRP knowingly sent the Pay-Off Demand in an attempt to collect monies from Mr. Meyer that was clearly misleading on its face.

69. The Pay-Off Demand constitutes "communication" as defined by Florida Statutes, §559.55(5).

70. MLRP's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

71. MLRP's business practices and actions were either intentional or grossly negligent.

72. As a result of the Debt Collection Conduct and MLRP's violation of the FCCPA, Mr. Meyer has been damaged, and LLS is liable to Mr. Meyer for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

73. Mr. Meyer is (a) is entitled to collect his attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

74. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff, Mr. Meyer, respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

STAMATAKIS + THALJI + BONANNO

By: / s / Scott Stamatakis
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Melissa Thalji, Esquire
Florida Bar No.: 174467
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email:
Service@MyInjury.com
Counsel for Plaintiff