UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL MEYER,

        Plaintiff,

v.                      Case No: 2:19-cv-88-FtM-38UAM

FAY SERVICING, LLC and
MCCALLA, RAYMER, LEIBERT,
PIERCE, LLC,

        Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Fay Servicing, LLC's ("Fay Servicing") Motion to Dismiss (Doc. 7) filed on March 12, 2019, and Defendant McCalla, Raymer, Leibert, Pierce, LLC's ("MRLP") Motion to Dismiss (Doc. 12) filed on April 1, 2019. On March 26, 2019, and April 22, 2019, Plaintiff Paul Meyer ("Meyer") filed Memorandums of Law in Opposition to Defendants' motions and requested a hearing. (Docs. 11; 15). For the following reasons, Defendants' motions are granted in part and denied in part and Plaintiff's motion for a hearing is denied.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

# BACKGROUND[2]

This is an action brought under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and Florida's Consumer Collection Practices Act, Fla. Stat. § 559, *et. seq.* ("FCCPA") for an unlawful debt collection (collectively the "Acts"). (Doc. 1). Fay Servicing, a debt collection company, acquired Meyer's delinquent home mortgage. (*Id.* at ¶ 9). On October 29, 2018, Meyer, through counsel, requested reinstatement and payoff figures for his loan. (Doc. 1-1). Nine days later, Meyer received a demand letter from MRLP, a law firm providing debt collection services. (*Id.*). The letter outlined the amounts required to pay off and reinstate Meyer's mortgage. (*Id.*). Meyer alleges the letter fails to properly itemize and disclose all the fees and costs included in the reinstatement amount and fails to specify what fees are included in the "corporate advances" category (Doc. 1 at ¶ 12). He is therefore unable to determine the validity of the amounts alleged to be owed to Fay Servicing. Consequently, Meyer maintains this letter violates the FDCPA and FCCPA.

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) and (6). First, Defendants argue Plaintiff lacks standing and, therefore, this Court should dismiss the Complaint for lack of subject matter jurisdiction. (Docs. 7 at 8-9; 12 at 3-5). Next, Defendants argue Meyer fails to state a claim for relief under the FCCPA and FDCPA. (Docs. 7 at 4-7; 12 at 3-7). Lastly, MRLP contends this Court should refrain from exercising supplemental jurisdiction over Plaintiff's FCCPA counts. (Doc. 12 at 7-8). The Court addresses these arguments below.

---

[2] The Court recounts the factual background as pled in Plaintiff's Complaint, which it must take as true to decide whether the Amended Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

**STANDARDS OF REVIEW**

Motions to dismiss based upon lack of standing "attack the court's subject matter jurisdiction, and are therefore considered pursuant to Rule 12(b)(1)." *Honeywell v. Harihar Inc*, No. 218CV618FTM29MRM, 2018 WL 6304839, at *2 (M.D. Fla. Dec. 3, 2018) (citing *Finstad v. Fla., Dep't of Bus. & Prof'l Regulation*, 2007 WL 3451000, *1 (M.D. Fla. Nov. 14, 2007); *Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003)). A defendant's attack on subject matter jurisdiction occurs in two forms: facial and factual. *See Garcia v. Copenhaver, Bell & Associates, M.D.'s PA*, 104 F.3d 1256, 1260 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). When there is a facial attack, like Defendants raise here, the Court takes the allegations in the complaint as true in deciding the motion. *See Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)).

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a

defendant has acted unlawfully." See *id*. (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

As a threshold matter, Defendants assert Plaintiff lacks standing to bring claims under the FCCPA and FDCPA. (Docs. 7 at 8-9; 12 at 3-5). Next, Defendants argue Plaintiff fails to state a claim a relief under both Acts. (Docs. 7 at 4-7; 12 at 3-7). The Court first determines whether Plaintiff has standing and will then address Defendants' Fed. R. Civ. P. 12(b)(6) attack.

**A. Meyer Has Standing to Bring Claims Under the FCCPA and FDCPA**

Defendants first argue Meyer lacks standing under the FCCPA and FDCPA and, therefore, this Court should dismiss the Complaint for lack of subject matter jurisdiction. (Docs. 7 at 8-9; 12 at 3-5). Specifically, Defendants contend Meyer has not alleged a concrete injury in fact by mere receipt of the demand letter. (Docs. 7 at 8-9; 12 at 3-5). Meyer responds he alleges a concrete injury because Defendants failed to itemize and explain the amounts owed under the "corporate advances" category and thus did not allow him to determine whether such amounts were valid. (Docs. 11 at 14-17; 15 at 3-6).

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The standing doctrine "developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish Article III standing a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable

to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560-61).

The alleged injury must consist of "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted)). That holds true regardless of whether the alleged injury is tangible or intangible. *See id.* at 1549. "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Id.* at 1547 (citation omitted).

In *Spokeo*, the Supreme Court addressed whether a violation of a procedural right granted by statute presents an injury sufficient to constitute a concrete injury to satisfy the three requirements of standing. *Id.* The respondent alleged that the petitioner violated the FCRA by including false information about him in a consumer report. *See id.* at 1546. The Supreme Court held that, although a concrete injury may be intangible to satisfy Article III:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfied the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the contact of a statutory violation.

*Id.* at 1549. Consequently, "a bare procedural violation, divorced from any concrete harm, [could not] satisfy the injury-in-fact requirement of Article III." *Id.* (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) and *Lujan*, 504 U.S. at 572). That said, the Court recognized "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," and "a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Id.*

5

Plaintiff's allegation that he was deprived of the right to information is sufficient to confer standing under the FDCPA. The Eleventh Circuit recently applied *Spokeo* in *Church v. Accrective Health, Inc.*, 654 Fed. App'x 990 (11th Cir. 2016) to a suit brought under the FDCPA. In *Church*, the Eleventh Circuit recognized the violation of a statutory right is not a "hypothetical or uncertain" injury, but "one that Congress has elevated to the status of a legally cognizable injury." *Id.* at 995. Specifically, the Eleventh Circuit examined whether a plaintiff had standing to bring a claim under the FDCPA arising from plaintiff's receipt of a letter advising her that she owed a debt without including required FDCPA disclosures. The Eleventh Circuit found plaintiff had standing because "[the plaintiff's] right to receive the disclosures is not hypothetical or uncertain; [the plaintiff] did not receive information to which she alleges she was entitled." *Id.* at 994-95.

Thereafter, in *Perry v. Cable News Network, Inc.*, 854 F.3d 1336, 1339-40 (11th Cir. 2017), the Eleventh Circuit reiterated that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" so that "a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Perry*, 854 F.3d at 1339-40 (quoting *Spokeo*, 136 S. Ct. at 1549). In *Perry*, the plaintiff initiated an action under the Video Privacy Protection Act ("VPPA") and did not allege any additional harm besides the statutory violation. The Eleventh Circuit held this was sufficient to allege a concrete injury because the structure and purpose of the VPPA provided actionable rights, and a VPPA violation constituted concrete harm. *Id.* C.f. *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1103 (11th Cir. 2016) (finding plaintiff never alleged he suffered some harm or risk of harm under the state statute and, therefore, failed to show a concrete injury necessary to establish standing).

6

The Court finds these cases instructive here. Plaintiff has invoked 15 U.S.C. § 1692e, which creates a right to receive truthful representations of the character and amount of a debt, and 15 U.S.C. § 1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt. Like the provision of the FDCPA at issue in *Church*, 15 U.S.C. § 1692e and 15 U.S.C. § 1692f create substantive rights for borrowers. Thus, Defendants violations of these provisions are enough to confer standing without any additional showing of harm.

Plaintiff has also alleged standing under the FCCPA. The FCCPA permits statutory damages and, therefore, a plaintiff "is not required to prove actual damages, but only a violation of one of the prohibited practices in the FCCPA." *Laughlin v. Household Bank, Ltd.*, 969 So.2d 509, 513 (Fla. 1st DCA 2007) (noting the FCCPA authorizes actual damages, common law punitive damages, and statutory damages); *see also Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So.2d 196, 200 (Fla. 1976) (stating, "[i]t clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industrywide."). As such, Plaintiff's allegation that he was deprived of his statutory right to receive information as a result of Defendants' unlawful conduct is sufficient to show a concrete injury under FCCPA. *See Barardi v. Select Portfolio Servicing, Inc.*, No. 16-23381-Civ-Scola, 2017 U.S. Dist. LEXIS 160951, at *11-12 (S.D. Fla. Apr. 4, 2017) (finding plaintiff's allegation defendant violated her right to information was sufficient to confer standing under the FCCPA); *see generally Belcher v. Ocwen Loan Servicing, LLC*, No. 8:16-cv-690-T-23AEP, 2018 WL 1701963, at *4 (M.D. Fla. Mar. 9,

2018) (holding plaintiff had standing when he alleged a violation of his rights under the FCCPA and indicated he likely suffered injury as a direct result of the debt collector's actions).

In short, because Meyer has alleged facts plausibly showing Defendants violated his statutorily-created rights, he "need not allege any additional harm." *Spokeo*, 136 S. Ct. at 1549. Having found that Meyer has alleged an injury in fact that is both particularized and concrete, he has standing to bring these claims. The Court, therefore, turns to Defendants' challenges to the merits of Plaintiff's claims.

**B. Meyer Has Failed to State a Claim for Relief Under FCCPA**

Even if Plaintiff has standing, Defendants assert his claims still fail. Defendants challenge Meyer's FCCPA claims on two fronts. First, Defendants argue Plaintiff formally requested reinstatement payoff figures during a related foreclosure action and, thus, the litigation privilege bars Plaintiff's recovery. (Docs. 7 at 5-6; 12 at 5-6). Second, Defendants maintain Plaintiff's claims fail because Meyer did not allege they had actual knowledge under Fla. Stat. § 559.72(9). (Docs. 7 at 4-5; 12 at 6). The Court starts with whether the litigation privilege applies.

Under Florida law, absolute immunity attaches to "any act occurring during the course of a judicial proceeding, so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994). This litigation privilege applies to violations of Florida state statutes, but does not apply to violations of federal statues, such as the FDCPA. *See Yeh Ho v. Wells Fargo Bank, N.A.*, 739 F. App'x 525, 530 (11th Cir. 2018) ("[T]here is no published opinion of this court, in which Florida's litigation privilege was held to bar a

federal claim."). As such, Defendants' argument that this privilege bars Meyer's recovery under the FDCPA lacks merit. But "the mere existence of FCCPA litigation does not attach the privilege to every communication between litigants; rather, the communication must be analyzed in light of its relation to the litigation." *N. Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1331 (M.D. Fla. 2009).

It is true that courts have held this privilege bars FCCPA claims based upon documents related to an underlying foreclosure, nonetheless, "whether a reinstatement letter is substantially related to foreclosure proceedings is less clear." *Mansorrian v. Brock & Scott, PLLC*, No. 8:18-cv-1876-T-33TGW, 2018 WL 6413484, at *6 (M.D. Fla. Dec. 6, 2018) (quoting *Blake v. Seterus, Inc.*, No. 16-21225-CIV-JLK, 2017 WL 543223, at *3 (S.D. Fla. Feb. 9, 2017)). Additionally, because the litigation privilege constitutes an affirmative defense, it "should ordinarily be asserted in a responsive pleading and considered after the facts are developed on summary judgment or at trial." *Mansoorian*, 2018 WL 6413484 at *6 (quoting *Gills v. Armfield*, No. 8:10-CV-895-T-27TBM, 2011 WL 13175840, at *4 (M.D. Fla. Mar. 30, 2011). "However, the Florida courts have also made it abundantly clear that any affirmative defense, including the litigation privilege, may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1277 (11th Cir. 2004) (citing *Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) and *Evans v. Parker*, 440 So. 2d 640, 641 (Fla. Dist. Ct. App. 1983) (internal quotation marks omitted)).

Turning to the case here, the Complaint alleges Defendants sent a reinstatement letter in response to Plaintiff's payoff request. (Docs. 1 at ¶ 10; 1-1 at 1). This allegation

does not affirmatively and clearly show that the litigation privilege applies to Meyer's FCCPA claims. See *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, No. 1:17-CV-20028-KMM, 2018 WL 2186496 at *13 (S.D. Fla. Feb. 16, 2018) (declining to decide whether the litigation privilege applied at the motion to dismiss stage because plaintiff's complaint did not allege the participation in litigation or conduct related to an underlying action); *see also Barardi, Inc.*, 2017 U.S. Dist. LEXIS 160951 at *14 (declining to consider the litigation privilege on a motion to dismiss because it was not clear from the complaint whether the reinstatement letter was required or permitted by law in the underlying action). Accordingly, the Court finds a consideration of the privilege premature at this stage in the proceedings. See *Mansoorian*, 2018 WL 6413484 at *6 (citing *Blake v. Seterus, Inc.*, No. 16-21225-CIV-JLK, 2017 WL 543223 at *4 (S.D. Fla. Feb. 9, 2017) and *Sandoval v. Wolfe*, No. 16-61856-CIV-DIMITROULEAS, 2017 WL 244111, at *5 (S.D. Fla. Jan. 19, 2017)).

While the Court is not convinced that the litigation privilege applies at this stage in the proceedings, Defendants' second contention—that Plaintiff has failed to allege a plausible claim under Fla. Stat. § 559.72(9)—carries the day. Under Counts II and IV, Plaintiff alleges Defendants violated Fla. Stat. § 559.72(9). This section provides that no person shall "[c]laim, attempt, or threaten to enforce a debt when such person *knows* that the debt is not legitimate, or assert the existence of some other legal right when such person *knows* that the right does not exist." Fla. Stat. § 559.72(9) (emphasis added). "Section 559.72(9) of the FCCPA requires a plaintiff to demonstrate that the debt collector defendant possessed *actual knowledge* that the threatened means of enforcing the debt

was unavailable." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n. 12 (11th Cir. 2010) (citations omitted).

Plaintiff alleges Defendants "knowingly sent the Pay-Off Demand in an attempt to collect monies from Mr. Meyer that was clearly misleading on its face." (Doc. 1 at ¶¶ 39, 68). Plaintiff fails, however, to allege any facts upon which the Court can draw a reasonable inference that Defendants either (1) had actual knowledge that the debt was not legitimate or (2) asserted a legal right that did not exist and had actual knowledge such right did not exist. At most, the Court can infer Plaintiff could not determine from the letter that the "corporate advance" charge constitutes a legitimate debt. Even if the debt is illegitimate, Plaintiff fails to plead facts to show Defendant had <u>actual knowledge</u> he did not owe that debt. Furthermore, even if Defendants attempted to collect a fee that is unauthorized, Plaintiff fails to show Defendants had <u>actual knowledge</u> such right did not exist. The only allegation of knowledge in the Complaint is that Defendants knew they sent a misleading letter. (Doc. 1 at ¶ 39, ¶ 68). This allegation alone does not establish Defendants knowingly sought to recover on an illegitimate debt or asserted a right that did not exist. *See McKernan*, 2015 WL 12426148 at *4 (citing *Reese v. JP Morgan Chase & Co.*, 686 F. Supp. 2d 1291, 1309 (S.D. Fla. 2009) ("Simply pleading that the defendant had knowledge is not enough to establish a claim.")); *see also Lima v. Bank of Am., N.A.*, 249 F. Supp. 3d 1308, 1313 (S.D. Fla. Apr. 17, 2017) ("The plaintiff cannot merely plead that the defendant had knowledge, but instead must plead sufficient factual allegations to show how the defendant had that knowledge." (citing *Reese*, 686 F. Supp. 2d at 1312)). Because Plaintiff has failed to allege facts that state a plausible claim for relief under Fla. Stat. § 559.72(9), Counts II and IV are dismissed. As a result, Defendants' argument that

this Court should decline to exercise supplemental jurisdiction over Meyer's FCCPA claims is rendered moot.

**C. Meyer Has Stated a Claim for Relief Under the FDCPA**

Plaintiffs next claim Defendants violated the FDCPA by charging them a non-itemized corporate advance balance to payoff and reinstate their defaulted mortgage loan. Plaintiff argues the letter is (1) misleading because he is unable to discern the character of the debt and (2) an unfair attempt to collect unauthorized fees. Defendants maintain Meyer has failed to state a claim under the FDCPA because the "corporate advances" line item is neither misleading nor deceptive. (Docs. 7 at 6-7; 12 at 6-7). Notably, though, Defendants fail to challenge whether the letter is an unfair attempt to collect on the mortgage. Regardless, the Court finds Plaintiff has stated a claim under 15 U.S.C. § 1692e and 1692f.

"To state a claim under FDCPA, plaintiff must allege that '(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Gnipp v. Bank of Am., N.A.*, No: 2:15-cv-99-FtM-29CM, 2016 WL 502013, at *11 (M.D. Fla. Feb. 8, 2016) (quoting *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000) and *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)). Defendants argue Plaintiff has failed to identify conduct that is prohibited by the FDCPA. The Court disagrees.

The FDCPA "regulates what debt collectors can do in collecting debts." *Milijkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015). A claim under the FDCPA is evaluated from the perspective of the least sophisticated consumer. *See*

*Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258-59 (11th Cir. 2014). The least sophisticated consumer "posses[es] a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1189; *see also Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (the least sophisticated consumer is "on the low side of reasonable capacity"). This standard protects "naïve consumers" and "prevents liability for bizarre or idiosyncratic interpretations of collections notices by preserving a quotient of reasonableness." *LeBlanc*, 601 F.3d at 1194.

Plaintiff contends Defendants violated two provisions of the FDCPA. First, Meyer cites 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt." This includes false representations about "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Second, Meyer relies on 15 U.S.C. § 1692f, which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." This means, among other things, a debt collector cannot "collect[] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f)(1).

Meyer asserts the reinstatement letter falsely represented the true character of the charges under "corporate advances" and, as a result, impaired his ability to determine the validity of the amounts alleged to be owed. Thus, Meyer alleges the letter was misleading under 15 U.S.C. § 1692e and an unfair attempt to collect unauthorized fees under 15 U.S.C. § 1692f(1). (Docs. 11 at 10-12; 15 at 11-14). In relying on *Kolbasyuk v. Capital*

*Mgmt. Servs., LP.*, 918 F.3d 236 (2d Cir. 2019) and *Smith v. U.S. Bank N.A.*, No. 4:17-CV-1142, 2018 WL 4489466 (N.D. Ohio Sept. 19, 2018), Defendants argue the corporate advances charge is not misleading merely because it fails itemize which fees and costs are included in the corporate advances charge. (Docs. 7 at 7; 12 at 7).

The Court, however, is not convinced by that line of thinking. Rather, the Court finds the Seventh Circuit's decision in *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004) compelling. In *Fields*, the plaintiff incurred a $122.06 bill for veterinarian services. *Id.* at 563. Six months later, after she failed to pay her debt, the veterinarian hospital hired a law firm to collect the debt. *Id*. The firm sent the plaintiff a letter that stated the account balance was $388.54, which reflected the original $122.06 charge plus $250 in attorney's fees. *Id*. The Seventh Circuit held that the letter, which did not itemize the charges, could mislead an unsophisticated consumer because it did not explain that it was seeking attorney's fees that were more than triple the original obligation and, therefore, violated 15 U.S.C. § 1692e and 1692f. *Id.* at 566; s*ee also Doughtery v. Wells Fargo Home Loans, Inc.*, 425 F. Supp. 2d 599, 607 (E.D. Pa. 2006) (plaintiff stated a claim under 15 U.S.C. § 1692e through the use of deceptive phrases such as "recoverable corporate advances[,]" which hid the collection of illegal attorney's fees); *Porter v. Fairbanks Capital Corp.*, No. 01-C-9106, 2003 WL 21210115, at *5 (N.D. Ill. May 21, 2003) (denying motion to dismiss claim alleging violation of 15 U.S.C. § 1692e based on the attorney's fees listed under the line item "recoverable corporate advances.). Not only was the letter misleading, but the Seventh Circuit stated "it [was] unfair [for the debt collector] . . . to hide the true character of the debt, thereby impairing [the debtor's] ability to knowledgably assess the validity of the debt." *Id*. Crucial here, the court of appeals

suggested one way to comply with the FDCPA would be to itemize the various charges that comprise the total amount of the debt. *Id*. Moreover, at least one district court within the Middle District of Florida has held that intentionally mislabeling costs, such as attorney's fees, within a corporate advance line item is a violation of 15 U.S.C. § 1692(e). *See Delia v. Ditech Fin. LLC*, No. 6:16-cv-1901-Orl-31DCI, 2017 WL 2379819, at *4 (M.D. Fla. Jun. 1, 2017).

The Court finds the above cases persuasive. Here, the reinstatement letter did not, as *Fields* suggests would be proper, "itemize the various charges that comprise the total amount of the debt." *Fields*, 383 F.3d at 566. (Doc. 1-1). Although the FDCPA does not affirmatively require itemization, the issue is whether, by failing to itemize, a debt collector misleadingly conveyed the amount owed or unfairly sought to collect a debt. *See Gomez v. Niemann & Heyer, L.L.P.*, 1:16-CV-119 RP, 2016 WL 3562148, at *8 (W.D. Tex. June 24, 2016). And this issue "is a context-specific inquiry." *Id*.

Considering the above, it is *plausible* that the corporate advances line item could mislead or be unfair to the least sophisticated consumer. Indeed, the least sophisticated consumer might assume that the figure under the corporate advances line item does not include attorney's fees, late charges, or other fees associated with the debt. The letter, by failing to break down the charges, plausibly gives the least sophisticated consumer in Meyer's shoes a misleading impression about the character of the debt. And, as the Seventh Circuit reiterated in *Fields,* "[i]t is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeable assess the validity of the debt." *Fields*, 383 F.3d at 566; *see* 15 U.S.C. § 1692f. Therefore, Meyer

has stated a plausible claim that the way the demand letter conveyed the debt violated the FDCPA. Counts I and III thus survive the motion to dismiss stage.

### D. Plaintiff's Request for a Hearing

Last, Plaintiff moves for a fifteen-minute hearing on Defendants' motions to dismiss. (Docs. 11 at 17; 15 at 15). This Court, however, is not required to hold a hearing before ruling on a motion to dismiss. *See Roberts v. FNB South of Alma, Georgia*, 716 F. App'x 854, 857 (11th Cir. 2017) (A district court is "not required to hold an oral hearing before dismissing [a] complaint.") (citing *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998)); *see also Howell v. Phh Mortg. Corp.*, No. 6:15-CV-ORL-TBS, 2015 WL 6750809, at *2 (M.D. Fla. Nov. 5, 2015) ("[T]he [Federal] Rules [of Civil Procedure] do not require a hearing on motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6)). Because a hearing is unnecessary, Plaintiff's motion is denied.

Accordingly, it is now

**ORDERED:**

1. Defendant Fay Servicing, LLC's Motion to Dismiss (Doc. 7) and Defendant McCalla, Raymer, Leibert, Pierce, LLC's Motion to Dismiss (Doc. 12) are **GRANTED in part** and **DENIED in part**.

   a. Counts II and IV (FCCPA) are **DISMISSED** for the reasons stated above. Counts I and III (FDCPA) survive at the motion to dismiss stage.

2. Defendants shall file an answer to the Complaint **on or before May 14, 2019**.

3. Plaintiff Paul Meyer's Request for a Hearing (Docs. 11 at 17; 15 at 15) is

    **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of May, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record